IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:98 CR 192-3

UNITED STATES OF AMERICA,

v.

CHARLES EDWARD COFFEY,

Defendant.

ORDER

**THIS MATTER** is before the Court on Defendant Charles Edward Coffey's ("Defendant") "Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331," (file doc. 248), filed on January 23, 2006.

On November 3, 1998, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 20, 1999, this Court sentenced Defendant to a term of 235 months imprisonment. The Defendant appealed, and the Fourth Circuit affirmed the conviction and sentence in an Opinion dated April 25, 2000.

Next, on November 7, 2000, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which was dismissed when this Court granted the Government's Motion for Summary Judgment on April 19, 2001. Defendant attempted to appeal this Order, but the Fourth Circuit denied his request for a certificate of appealability, and dismissed his case in a July 19, 2001 Opinion.

Now, Defendant has filed the instant Motion, seeking a sixty-day extension of time in which to file a Motion challenging Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1331. In his Motion, Defendant makes it clear that he intends to challenge his Judgment pursuant to

*United States v. Booker*, 543 U.S. 220 (2005), if he is allowed to file the motion which he needs more time to complete. It is unclear how *Booker* issues could possibly be related to 28 U.S.C. § 1331, which provides for federal jurisdiction in certain *civil* cases. This statute is inapplicable to criminal matters, and this Motion should be dismissed for that reason alone.

However, assuming Defendant has named 18 U.S.C. § 1331 in error, it appears from his Motion that he intends to attack his conviction or sentence, or both, with the motion he seeks to file. This amounts to a successive collateral review application, over which this Court has no jurisdiction. *See United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). A motion attacking a prisoner's conviction or sentence generally amounts to a successive application. *Id.*

This Court possesses no jurisdiction over a successive application, such as the one Defendant is attempting to bring here. A successive motion under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of judges with the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255. In order to be certified, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Further, only after a three-judge panel at the Fourth Circuit makes the determination that the motion has satisfied the above requirements is a district court authorized to consider a successive application. 28 U.S.C. § 2244(b)(3).

Defendant has not filed a motion with the Fourth Circuit to allow him to file a successive application. Accordingly, this Court has no authority to entertain the motion which Defendant

seeks an extension of time to file, and no reason exists to grant the extension of time. Defendant's Motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's "Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331," is hereby **DENIED**.

Signed: January 30, 2006

Richard L. Voorhees
Chief United States District Judge