# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:98 CR 192-3

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **CHARLES EDWARD COFFEY,** | |
| Defendant. | |

**THIS MATTER IS** before the Court on Defendant Charles Edward Coffey's ("Defendant") "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents," (file doc. 250), filed on February 3, 2006.

On November 3, 1998, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 20, 1999, this Court sentenced Defendant to a term of 235 months imprisonment. The Defendant appealed, and the Fourth Circuit affirmed the conviction and sentence in an Opinion dated April 25, 2000.

Next, on November 7, 2000, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which was dismissed when this Court granted the Government's Motion for Summary Judgment on April 19, 2001. Defendant attempted to appeal this Order, but the Fourth Circuit denied his request for a certificate of appealability, and dismissed his case in a July 19, 2001 Opinion. Most recently, Defendant filed a "Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331" on January 23, 2006. On January 30, 2006, this Court entered an Order denying Defendant's Motion, and noting that Defendant essentially

sought to file a successive collateral review application pursuant to 28 U.S.C. § 2255, over which this Court has no jurisdiction. Defendant made several arguments in that Motion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), in an attempt to attack his conviction and sentence.

Now, Defendant has filed yet another motion in which he attempts to collaterally attack his sentence. In this Motion, Defendant does not cite to *Booker* by name, but he does make the following statement: "[o]n January 12, 2005 the Supreme Court unconditionally admitted that the Sixth Amendment is violated when an enhanced sentence is based upon the judges' determination of fact other than prior conviction that is found by the jury nor admitted by defendant." (Def.'s Mot. at 3.) Defendant later cites to this case by using the Supreme Court's docket number of 04-104, 04-105. (Def.'s Mot. at 3.) This case can only be *Booker*, decided on January 12, 2005, with the same docket numbers as that cited by Defendant.

For the reasons stated in this Court's January 30, 2006 Order, this Court reiterates the fact that it does not have jurisdiction over a successive collateral review application pursuant to 28 U.S.C. § 2255. Further, the Supreme Court has not made the rule announced in *Booker* retroactively applicable in the collateral review context. The Fourth Circuit has explicitly held that the rule announced in *Booker* is not retroactively applicable to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005).

Accordingly, for the above-stated reasons, Defendant's "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents" is hereby **DENIED**.

Signed: February 7, 2006

Richard L. Voorhees
Chief United States District Judge